UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JIAN ZHENG,

                Petitioner,                    **DECISION AND ORDER**
                                                                         No. 05-CV-0811(VEB)

    -vs-

CHARLES MULE, Facilities Director,
Buffalo Federal Detention Facility; DAVID
VENTURELLA, Director, Post-Order Detention
Unit, Bureau of Immigration and Customs
Enforcement; M. FRANCIS HOLMES, District
Director, U.S. Citizenship and Immigration
Services; ALBERTO GONZALES, Attorney
General,
                Respondents.
_____

       Jian Zheng ("Zheng" or "petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a final order of removal from the United States by the Immigration and Naturalization Service and his continued detention in administrative custody of the Department of Homeland Security, Immigration and Customs Enforcement pending his removal to his native country. *See* Petition (Docket No. 1).

       Zheng was deported on November 13, 2006. *See* Warrant of Removal/Deportation, attached as Exhibit C (Docket No. 9-2) to Respondent's Motion to Dismiss the Petition (Docket No. 9). On April 26, 2007, respondent filed a motion to dismiss Zheng's petition on the basis that his deportation pursuant to the final order of removal rendered the petition moot. *See* Respondent's Affidavit (Docket No. 9-1) in Support of Motion to Dismiss the Petition (Docket No. 9) at pp. 1-3.

"'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *accord County of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000); *New York City Employees' Retirement System v. Dole*, 969 F.2d 1430, 1433 (2d Cir. 1992). The concern underlying the mootness doctrine is that "when the challenged conduct ceases such that '"there is no reasonable expectation that the wrong will be repeated,"' *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953), then it becomes impossible for the court to grant '"any effectual relief whatever" to [the] prevailing party,' *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895))." *County of Erie v. Pap's A.M.*, 529 U.S. at 287.  In such cases, "any opinion as to the legality of the challenged action would be advisory." *Id.*

Here, by this habeas corpus petition, Seamore sought release from administrative detention by the I.N.S. The petition therefore became moot upon Seamore's release from INS custody and deportation from the United States.

## CONCLUSION

Accordingly, respondent's motion to dismiss the instant petition (Docket No. 9 with attachments Docket Nos. 9-1 and 9-2) on the basis that it is moot and no longer presents a "live" case or controversy is **GRANTED.**  Zheng's petition for a writ of habeas corpus is hereby **DENIED** and the petition is **DISMISSED.** Furthermore, I decline to issue a certificate of appealability because Zheng has not made a substantial showing of the denial of a constitutional right, *see*  28 U.S.C. § 2253(c)(2), and appellate review is therefore not warranted.

**IT IS SO ORDERED.**

/s/ *Victor E. Biachini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED: May 18, 2007
     Buffalo, New York.